**MYKHAL N. OFILI, ESQ. (S.B.N. 310723)**
**LAW OFFICE OF MYKHAL OFILI**
3281 E. Guasti Rd., Suite 700
Ontario, CA 91761
Telephone: (909) 212-7679
Email: mykhalofili@gmail.com
*Attorney for Plaintiff, Arac Burt*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAC BURT,<br><br>       Plaintiff,<br><br>vs.<br><br>{CANNON MANAGEMENT LLC, AND ENCLAVE LLC}<br><br>a California Limited Liability Corporation; and Does 1-50 inclusive,<br>       Defendant | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ; THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12132; THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ; THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, 42 U.S.C. § 3604; THE REHABILITATION ACT, 29 U.S.C. § 701, ET SEQ.; AND THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV. CODE § 12955, ET SEQ.**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff Arac Burt [hereinafter Plaintiff or Burt], complains of Enclave Properties, LLC [hereinafter Defendant] and Does 1-50 [individually Defendant and collectively Defendants] and allege as follows:

///

PLAINTIFF'S COMPLAINT

# PARTIES

1. Plaintiff is a California resident with physical disabilities. Burt is a disabled, United States military veteran who suffered a horrendous knee injury. Without a complete reconstructive knee surgery, Burt's injury is permanent, painful, and debilitating. Plaintiff is qualified as being disable pursuant to 42 U.S.C. Section 12102(2)(A), the California Unruh Civil Rights Act, Sections 51 et seq. and 52 et seq., and other statutory laws which protect the rights of "disabled" persons." Plaintiff has been issued a blue permanent disability Disabled Person Parking Placard by the state of California. Upon recommendation from one of his primary care physicians, Burt purchased a mechanical bed to ease his pain, tension, distress, and inability to sleep.

2. Plaintiffs are informed and believe, and thereon allege that Defendants owned the property located at 35751 Gateway Drive, city of Palm Desert, County of Riverside, State of California, including unit L1224 [hereinafter the Unit] at all times relevant herein. The Unit is located within a business establishment on the property known as "The Enclaves" [hereinafter the Enclaves].

3. Plaintiffs are informed and believe, and thereon allege that Defendants are the owner, operator, and or lessor of the real property known as the Enclaves, an apartment rental business.

4. Plaintiffs are informed and believe, and thereon allege that Defendants operated, managed, maintained, and were in charge of the Unit and the Enclaves at all times relevant herein.

5. Defendant DOES 1 through 25 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers,

managers, principles and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 25, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

6.  Defendant DOES 26 through 50 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles and/or representatives, tenants of the Enclave, guests at the Enclave, and other individuals frequenting, living, visiting, or working for Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 26 through 50, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

7.  Plaintiffs are informed and believe, and thereon allege that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners, acting within the course and scope of that relationship. Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

8.  Plaintiffs are informed and believe, and thereon allege that Plaintiff visited, and then entered into a written agreement to move into and live in the Unit, on or about January 16, 2021, wherein he intended to use the services and facilities with all advantages, privileges, and accommodations in the Unit operated and/or owned by Defendants.

///

///

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. [hereinafter the ADA].

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the ADA.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is subject to this action is located in this district and the Plaintiff's cause of action arose in this district.

**FACTS**

12. Burt is a United States military veteran with a severe, permanent, and painful injury to his knee. This injury is permanent in nature and has been confirmed by the California Department of Workers Compensation. Burt's doctors have confirmed that without a total knee replacement and reconstruction surgery, the injury will always cause pain and discomfort. Burt has been issued a permanent blue handicapped placard by the state of California to enable him to park in handicap accessible parking spaces. Burt is disabled.

13. The Enclave owned by defendants is an apartment complex that includes the Unit and is an apartment complex in the business of renting apartment homes.

14. On or around January 16, 2021, Burt entered into a written agreement with Defendants for a residential lease of the Unit at the Enclaves. Shortly after, Burt moved into the unit and took possession.

15. Burt brought with him into the Unit his therapeutic bed, which was recommended to him by his doctors because of his permanent, chronic knee pain. Burt informed the Defendants of the bed, his disability, and his permanent injury.

16. Plaintiffs are informed and believe, and thereon allege, that shortly after Burt's arrival into the Unit, a resident living directly below Burt [hereinafter the Neighbor] in another apartment in the Enclave complained about noise. Defendants began to harass, annoy, and threaten Burt with eviction and harm including but not limited to threatening notes left in or on the Unit, vehicle headlights being shined into Burt's apartment at all hours of the night, pounding on the ceiling be the Neighbor.

17. Defendants threatened to evict Burt because of the noise made by his ADA approved therapeutic bed without offering Burt any alternatives or accommodations.

18. Burt notified the Defendants about the harassment, noise, and threats from the Neighbor, but Defendants ignored those complaints.

19. Then, without any concern for Burt or his disabilities or his pain, and without offering any reasonable accommodations, on March 4, 2021, Defendants served Burt with a Three-Day Notice to Perform a Covenant or Quit [hereinafter the Notice]. The notice indicated that Burt was causing an excessive vibrating noise which was "forced to be heard and experienced in the [N]eighbor's unit excessively." **[See Exhibit 1].**

20. Burt responded to Defendants Notice and again informed them that he was a United States veteran, disabled, with a confirmed injury, using a therapeutic bed for his disability. Burt also notified the Defendants, again, about the Neighbor not only harassing Burt because of the bed, but also because of the color of Burt's skin. Defendants ignored Burt's

disability and stated in writing that his disability was "claimed" and not actually real. [See Exhibit 2]. Defendants also ignored, again, any of Burt's complaints about the Neighbor.

21. Defendants, in written correspondence to Burt and his attorneys explained that essentially, it was acceptable for Burt to be disabled as long as it did not interfere with anyone else on the property, including Defendants themselves. **[See Exhibit 2]**.

# FIRST CAUSE OF ACTION: FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12132

22. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

23. Plaintiff has been diagnosed with a permanent knee injury, which has been confirmed by the Workers Compensation Board of California. He has been issued a permanent blue handicapped placard by the state of California and has been diagnosed as disabled by his primary care doctors. Under both California and Federal law, Burt is disabled.

24. Plaintiff and Defendants have entered into a written agreement for a residential lease where Plaintiff rents real property from the Defendants.

25. Plaintiff has asked for reasonable accommodations for his disability on several occasions, including the use of his therapeutic bed in the Unit.

26. Defendant has denied those requests and has retaliated against Burt by threatening to evict him without offering any reasonable accommodations.

27. Defendant's denial of any reasonable accommodations, or even engaging in a discussion of reasonable accommodations prevents Burt from enjoying the Unit with all rights, accommodations, and activities protected by disability discrimination laws.

28. Plaintiff has been harmed by Defendant's denial of reasonable accommodations and will continue to suffer harm unless an injunction is issued requiring Defendants to offer reasonable accommodations.

## SECOND CAUSE OF ACTION: FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. § 701, ET SEQ.

29. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

30. Plaintiff has been diagnosed with a permanent knee injury, which has been confirmed by the Workers Compensation Board of California. He has been issued a permanent blue handicapped placard by the state of California and has been diagnosed as disabled by his primary care doctors. Under both California and Federal law, Burt is disabled.

31. Plaintiff and Defendants have entered into a written agreement for a residential lease where Plaintiff rents real property from the Defendants.

32. Plaintiff has asked for reasonable accommodations for his disability on several occasions, including the use of his therapeutic bed in the Unit.

33. Defendant has denied those requests and has retaliated against Burt by threatening to evict him without offering any reasonable accommodations.

34. Defendant's denial of any reasonable accommodations, or even engaging in a discussion of reasonable accommodations prevents Burt from enjoying the Unit with all rights, accommodations, and activities protected by disability discrimination laws.

35. The reasonable accommodations are necessary to avoid discrimination on the bases of Plaintiff's disability status.

36. Plaintiff has been harmed by Defendant's denial of reasonable accommodations and will continue to suffer harm unless an injunction is issued requiring Defendants to offer reasonable accommodations.

### THIRD CAUSE OF ACTION: FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE FAIR HOUSING ACT, 42 U.S.C. § 3604

37. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

38. Plaintiff has been diagnosed with a permanent knee injury, which has been confirmed by the Workers Compensation Board of California. He has been issued a permanent blue handicapped placard by the state of California and has been diagnosed as disabled by his primary care doctors. Under both California and Federal law, Burt is disabled.

39. Plaintiff and Defendants have entered into a written agreement for a residential lease where Plaintiff rents real property from the Defendants.

40. Plaintiff has asked for reasonable accommodations for his disability on several occasions, including the use of his therapeutic bed in the Unit.

41. At all times relevant, Defendants knew that Plaintiff had a disability.

42. Plaintiff has standing to bring this claim because he is an aggrieved person as defined under 42 U.S.C. § 3602 as people who believe that people with disabilities will be injured by a discriminatory housing practice this has happened or is about to occur.

43. Defendant has denied those requests and has retaliated against Burt by threatening to evict him without offering any reasonable accommodations.

///

///

44. Defendant's denial of any reasonable accommodations, or even engaging in a discussion of reasonable accommodations prevents Burt from enjoying the Unit with all rights, accommodations, and activities protected by disability discrimination laws.

45. The reasonable accommodations are necessary to avoid discrimination on the bases of Plaintiff's disability status.

46. Plaintiff has been harmed by Defendant's denial of reasonable accommodations and will continue to suffer harm unless an injunction is issued requiring Defendants to offer reasonable accommodations.

## FOURTH CAUSE OF ACTION: FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV. CODE § 12955, ET SEQ.

47. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

48. Plaintiff has been diagnosed with a permanent knee injury, which has been confirmed by the Workers Compensation Board of California. He has been issued a permanent blue handicapped placard by the state of California and has been diagnosed as disabled by his primary care doctors. Under both California and Federal law, Burt is disabled.

49. Plaintiff and Defendants have entered into a written agreement for a residential lease where Plaintiff rents real property from the Defendants.

50. Plaintiff has asked for reasonable accommodations for his disability on several occasions, including the use of his therapeutic bed in the Unit.

51. At all times relevant, Defendants knew that Plaintiff had a disability.

52. Defendant has denied those requests and has retaliated against Burt by threatening to evict him without offering any reasonable accommodations.

53. Defendant's denial of any reasonable accommodations, or even engaging in a discussion of reasonable accommodations prevents Burt from enjoying the Unit with all rights, accommodations, and activities protected by disability discrimination laws.

54. Plaintiff has been harmed by Defendant's denial of reasonable accommodations and will continue to suffer harm unless an injunction is issued requiring Defendants to offer reasonable accommodations.

## FIFTH CAUSE OF ACTION: FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12132

55. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

56. Plaintiff has been diagnosed with a permanent knee injury, which has been confirmed by the Workers Compensation Board of California. He has been issued a permanent blue handicapped placard by the state of California and has been diagnosed as disabled by his primary care doctors. Under both California and Federal law, Burt is disabled.

57. Plaintiff and Defendants have entered into a written agreement for a residential lease where Plaintiff rents real property from the Defendants.

58. Plaintiff has asked for reasonable accommodations for his disability on several occasions, including the use of his therapeutic bed in the Unit.

59. At all times relevant, Defendants knew that Plaintiff had a disability.

60. Defendants failed to engage in a good faith conversation with Burt regarding any reasonable accommodations. Defendant refused to accept Burt's disability as evidenced by the letter from their attorney to Burt's attorney. [See Exhibit 3]. Defendants have created an unfair procedure by failing to create any standards of proof for any evidence of any disturbance emanating from the Unit, according to the Neighbor.

61. Defendant's failure to engage in an interactive process with Plaintiff in good faith prevented plaintiff from any reasonable and effective accommodations.

62. As a result of this, Plaintiff's access to any reasonable accommodations, including the use of his therapeutic bed, have been denied to plaintiff and has reduced his quality of life.

63. Plaintiff has been harmed by Defendants' refusal to engage in any meaningful dialogue or engage in the interactive process in good faith and Plaintiff will continue to suffer harm unless an injunction is issued requiring Defendants to provide reasonable accommodations.

**SIXTH CAUSE OF ACTION: FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. § 701, ET SEQ.**

64. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

65. Plaintiff has been diagnosed with a permanent knee injury, which has been confirmed by the Workers Compensation Board of California. He has been issued a permanent blue handicapped placard by the state of California and has been diagnosed as disabled by his primary care doctors. Under both California and Federal law, Burt is disabled.

66. Plaintiff and Defendants have entered into a written agreement for a residential lease where Plaintiff rents real property from the Defendants.

///

67. Plaintiff has asked for reasonable accommodations for his disability on several occasions, including the use of his therapeutic bed in the Unit.

68. At all times relevant, Defendants knew that Plaintiff had a disability.

69. Defendant has denied those requests despite a mandatory obligation under the law to engage in an informal interactive process to clarify Plaintiff's needs and identify the appropriate accommodations.

70. Defendants failed to engage in a good faith discussion of reasonable accommodations at any time and have denied that Plaintiff has an actual disability.

71. The reasonable accommodations are necessary to avoid discrimination on the bases of Plaintiff's disability status.

72. Plaintiff has been harmed by Defendant's denial of reasonable accommodations and will continue to suffer harm unless an injunction is issued requiring Defendants to offer reasonable accommodations.

**SEVENTH CAUSE OF ACTION: FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FAIR HOUSING ACT, 42 U.S.C. § 3604**

73. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

74. Plaintiff has been diagnosed with a permanent knee injury, which has been confirmed by the Workers Compensation Board of California. He has been issued a permanent blue handicapped placard by the state of California and has been diagnosed as disabled by his primary care doctors. Under both California and Federal law, Burt is disabled.

///

75. Plaintiff and Defendants have entered into a written agreement for a residential lease where Plaintiff rents real property from the Defendants.

76. Plaintiff has asked for reasonable accommodations for his disability on several occasions, including the use of his therapeutic bed in the Unit.

77. At all times relevant, Defendants knew that Plaintiff had a disability.

78. Defendant has denied those requests despite a mandatory obligation under the law to engage in an informal interactive process to clarify Plaintiff's needs and identify the appropriate accommodations.

79. Defendants failed to engage in a good faith discussion of reasonable accommodations at any time and have denied that Plaintiff has an actual disability.

80. The reasonable accommodations are necessary to avoid discrimination on the bases of Plaintiff's disability status.

81. Plaintiff has been harmed by Defendant's denial of reasonable accommodations and will continue to suffer harm unless an injunction is issued requiring Defendants to offer reasonable accommodations.

**EIGHTH CAUSE OF ACTION: FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV. CODE § 12955, ET SEQ.**

82. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

83. Plaintiff has been diagnosed with a permanent knee injury, which has been confirmed by the Workers Compensation Board of California. He has been issued a permanent

blue handicapped placard by the state of California and has been diagnosed as disabled by his primary care doctors. Under both California and Federal law, Burt is disabled.

84. Plaintiff and Defendants have entered into a written agreement for a residential lease where Plaintiff rents real property from the Defendants.

85. Plaintiff has asked for reasonable accommodations for his disability on several occasions, including the use of his therapeutic bed in the Unit.

86. At all times relevant, Defendants knew that Plaintiff had a disability.

87. Defendant has denied those requests despite a mandatory obligation under the law to engage in an informal interactive process to clarify Plaintiff's needs and identify the appropriate accommodations.

88. Defendants failed to engage in a good faith discussion of reasonable accommodations at any time and have denied that Plaintiff has an actual disability.

89. The reasonable accommodations are necessary to avoid discrimination on the bases of Plaintiff's disability status.

90. Plaintiff has been harmed by Defendant's denial of reasonable accommodations and will continue to suffer harm unless an injunction is issued requiring Defendants to offer reasonable accommodations.

**NINTH CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ.**

91. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

92. Plaintiff has been diagnosed with a permanent knee injury, which has been confirmed by the Workers Compensation Board of California. He has been issued a permanent

blue handicapped placard by the state of California and has been diagnosed as disabled by his primary care doctors. Under both California and Federal law, Burt is disabled.

93. Plaintiff and Defendants have entered into a written agreement for a residential lease where Plaintiff rents real property from the Defendants.

94. Plaintiff has asked for reasonable accommodations for his disability on several occasions, including the use of his therapeutic bed in the Unit.

95. At all times relevant, Defendants knew that Plaintiff had a disability.

96. Defendant has denied those requests despite a mandatory obligation under the law to engage in an informal interactive process to clarify Plaintiff's needs and identify the appropriate accommodations.

97. Defendants failed to engage in a good faith discussion of reasonable accommodations at any time and have denied that Plaintiff has an actual disability.

98. The reasonable accommodations are necessary to avoid discrimination on the bases of Plaintiff's disability status.

99. Defendants have violated CA Civil Code § 51 by failing to comply with Civil Code §51 et seq.

100. Plaintiffs prays for damages and relief as hereinafter stated.

### REQUEST FOR RELIEF

1. For a preliminary and permanent injunction mandating that Defendants immediately grant reasonable accommodations to Plaintiff, including use of his therapeutic bed and continue to allow for, and engage in meaningful, good faith discussions regarding any other reasonable accommodations now and in the future;

2. For damages in an amount to be determined according to proof;

3. For an award of attorney's fees and costs pursuant to 42 U.S.C. § 12205;

4. For compensatory damages pursuant to 42 U.S.C. 3612(o) and 42 U.S.C. 3613(c) and Government Code 12989.2;

5. For such other relief as is deemed proper; and

6. Demand for a jury trial;

Dated this __5__ th day of May, 2021

Respectfully submitted,

_____
Mykhal N. Ofili
Attorney for Plaintiff,
ARAC BURT

PLAINTIFF'S COMPLAINT